Case 1:25-cv-00334   Document 8   Filed 01/22/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID ABGARIAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-334 |
| | § | |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner David Abgarian is currently detained by Immigration and Customs Enforcement ("ICE") at the Post Isabel Service Processing Center ("PISPC") in Cameron County, Texas. He presents a petition for writ of habeas corpus and requests injunctive relief including his immediate release or an order requiring that he be provided with a bond hearing.

## I.   Factual Background and Procedural History

Petitioner is a native of Armenia and citizen of Russia who entered the United States without inspection in 2021. On October 6, 2025, ICE detained him while he was traveling through Texas. He has remained in ICE detention since that time.

On January 21, 2026, the Court held a hearing on Petitioner's request for injunctive relief. With no objection from counsel, the Court converted the hearing to a trial on the merits under Federal Rule of Civil Procedure 65(a)(2). Based on the record and the applicable law, the Court concludes that Petitioner has met the requirements for a permanent injunction ordering that Respondents release him absent affording him a bond hearing.

## II.   Analysis

A party seeking a permanent injunction must demonstrate: (1) that he has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) the balance of the hardships weighs in favor of equitable relief;

and (4) that the public interest is not disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The third and fourth elements merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also Nuziard v. Minority Bus. Dev. Agency*, 721 F. Supp. 3d 431, 504 (N.D. Tex. 2024) (merging the third and fourth factors when considering a permanent injunction against the government).

Petitioner asserts that he is entitled to a bond hearing because Respondents can detain him solely under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225(b)(2). Persons detained under Section 1226(a) are entitled to an individualized bond hearing before an immigration judge. *See* 8 C.F.R. § 236.1(d)(1).

Respondents argue that Section 1225(b)(2) applies to persons like Petitioner who entered the United States without inspection and who were subsequently detained within the country.

The Court previously considered the application of Sections 1225 and 1226. *See Shi v. Lyons*, No. 1:25-CV-274, 2025 WL 3637288 (S.D. Tex. Dec. 12, 2025). There, the Court concluded that Section 1225(b)(2) applies "to aliens inspected when they present themselves at a port of arrival or who are arrested near a United States border shortly after attempting to enter the country without detection." *Id.* at *5.

At the January 21 hearing in the present matter, the Court heard the arguments of counsel regarding substantially the same legal issues considered in *Shi*. Based on the record in this case and the arguments of counsel, the Court concludes that the legal analysis applied in *Shi* remains this Court's resolution of the issues concerning the application of Sections 1225 and 1226. The Court incorporates by reference its legal analysis as explained in *Shi v. Lyons*, 2025 WL 3637288. And based on the undisputed facts in the present matter, the Court concludes that Respondents may not lawfully detain Petitioner based on 8 U.S.C. § 1225(b)(2).

Absent a permanent injunction, Respondents will continue to detain Petitioner based on Section 1225(b)(2) during his removal proceedings. He will not be afforded an opportunity to

request a bond from an Immigration Judge under Section 1226(a) or to appeal the denial of a bond. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection of the Due Process Clause extends to noncitizens. *Id*. The Court finds that Petitioner's continued detention without the benefit of a statutorily-required right to request a bond from an Immigration Judge violates his Constitutional rights and represents irreparable harm.

Further, the Court finds that remedies at law other than injunctive relief are insufficient in this case.

The balance of the equities and the public interest also favor Petitioner. Respondents' interest in immigration detention is to "assure the appearance of aliens at future immigration proceedings and prevent[ ] danger to the community." *Id*. As immigration detention is nonpunitive, *id.*, Respondents possess no interest in detaining immigrants who are not a threat to the community or in danger of absconding. To the extent that Respondents maintain that Petitioner presents such risks, they may present their argument at a bond hearing for the Immigration Judge to consider.

### III. Conclusion

The Court concludes that Petitioner has satisfied the requirements for a permanent injunction. As a result, it is:

**ORDERED** that Petitioner David Abgarian's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (Doc. 1) is **GRANTED**.

The Court will separately issue a Permanent Injunction in accordance with this Order.

Signed on January 22, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge